UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| KATHY GAST,<br><br>                            Plaintiff,<br><br>vs.<br><br>JOANNE B. BARNHART,<br>Commissioner of Social Security,<br><br>                           Defendant. | CASE NO. 06cv2743-L (POR)<br><br>**ORDER**<br>**(1) ADOPTING REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE;**<br>**(2) DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT;**<br>**(3) GRANTING DEFENDANT'S CROSS-MOTION FOR SUMMARY JUDGMENT;**<br>**(4) AFFIRMING THE DECISION OF THE COMMISSIONER OF SOCIAL SECURITY** |
|---|---|

       Plaintiff filed the instant action for judicial review of denial of her application for social security disability benefits. She subsequently filed a motion for summary judgment, requesting reversal or remand of the Administrative Law Judge's ("ALJ") denial of her application for benefits. The Commissioner filed a cross-motion for summary judgment. The case was referred to United States Magistrate Judge Louisa S. Porter for a report and recommendation in accordance with 28 U.S.C. § 636(b)(1)(B) and Civil Local Rule 72.1(c)(1)(c).

       Plaintiff alleged she was injured in November 2000 when she worked as a customer service representative for America West and lifted heavy baggage from the check-in area to

1  the conveyor belt.  When physical therapy and pain medication were not successful to
2  alleviate the pain in Plaintiff's neck and left arm, she underwent surgery in January 2002 to
3  repair damage in her neck area.  Although Plaintiff's condition improved after surgery, she
4  continued to have some pain in her neck and left shoulder.  Plaintiff's treating physician
5  recommended she return to permanent light-duty work.  Plaintiff was subsequently seen by
6  an orthopedist for the pain in her shoulder.  He concluded she had a shoulder injury,
7  however, the most that could be done to treat it was medication.

8      At the hearing before the ALJ on August 2, 2006, Plaintiff testified she was disabled
9  due to the pain in her neck, left arm and left shoulder, and due to migraine headaches.  She
10 was working part-time at a podiatrist's office, escorting patients to their rooms.

11     The ALJ concluded Plaintiff had severe impairments after her neck surgery,
12 including the shoulder injury.  However, the impairments did not equal or exceed the
13 Listings.  He held Plaintiff had the residual functional capacity to perform sedentary work,
14 including her past relevant work as an office manager, and was therefore not disabled.

15     In her motion, Plaintiff complained the ALJ did not adequately assess her ability to
16 sustain gainful activity due to exacerbations of her symptoms, particularly neck pain, and
17 migraine headaches.  In the report and recommendation, the magistrate judge pointed to the
18 lack of any objective medical evidence in the administrative record that Plaintiff suffered
19 from migraines.  At the hearing before the ALJ, Plaintiff testified she had not received
20 treatment for migraines since she moved to San Diego in July 2005.  As to the neck pain,
21 the magistrate judge concluded, upon reviewing the record, that the ALJ provided specific,
22 clear and convincing reasons for rejecting Plaintiff's testimony regarding the severity of her
23 neck pain, which were supported by the administrative record.  Accordingly, the magistrate
24 judge recommended denying Plaintiff's summary judgment motion and granting the
25 Commissioner's cross-motion.  Plaintiff did not file any objections to the report and
26 recommendation.

27     A district judge "may accept, reject, or modify the recommended decision" on a
28 dispositive matter prepared by a magistrate judge proceeding without the consent of the

1  parties for all purposes. Fed. R. Civ. P. 72(b); *see* 28 U.S.C. § 636(b)(1). "The court shall
2  make a *de novo* determination of those portions of the [report and recommendation] to
3  which objection is made." 28 U.S.C. § 636(b)(1). Section 636(b)(1) does not require some
4  lesser review by the district court when no objections are filed. *Thomas v. Arn*, 474 U.S.
5  140, 149-50 (1985). The "statute makes it clear that the district judge must review the
6  magistrate judge's findings and recommendations *de novo if objection is made, but not*
7  *otherwise*." *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc),
8  cert. denied, 540 U.S. 900 (2003) (emphasis in original).

Accordingly, in the absence of any objections, the report and recommendation is **ADOPTED**. It is hereby further **ORDERED** as follows:

1. Plaintiff's motion for summary judgment is **DENIED**.
2. The Commissioner's cross-motion for summary judgment is **GRANTED**.
3. The Commissioner's decision to deny benefits is **AFFIRMED**.

**IT IS SO ORDERED**.

DATED: December 18, 2007

M. James Lorenz
United States District Court Judge

COPY TO:

HON. LOUISA S. PORTER
UNITED STATES MAGISTRATE JUDGE

ALL PARTIES/COUNSEL